UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THERESA BARTON,

                  Plaintiff,

         - against -

STATE OF NEW YORK,

                  Defendant.
----------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-286 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

      On January 10, 2019, Plaintiff Theresa Barton ("Plaintiff"), then-incarcerated at Rikers Island[1] and proceeding *pro se*, filed this action against the State of New York using a form civil rights complaint. (*See* Complaint ("Compl."), Dkt. 1.) By Order dated February 4, 2019, this action was dismissed without prejudice because Plaintiff had failed to pay the required filing fee or submit a completed application to proceed *in forma pauperis*. On February 15, 2019, Plaintiff filed a motion to amend the complaint, as well as an incomplete application to proceed *in forma pauperis*. (*See* Dkts. 4, 5.) On March 29, 2019, Plaintiff filed a motion to reopen this case and included an amended application to proceed *in forma pauperis*. (*See* Dkt. 9.) The Court grants Plaintiff's motions to reopen this case and to amend the complaint. Plaintiff's amended application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. The amended complaint is dismissed in its entirety for failure to state a plausible claim for relief.

---

      [1] Plaintiff is now detained at Kirby Forensic Psychiatric Center. Given the delays in mail delivery that Plaintiff has encountered while detained, she requests that her mail be sent to her home address: 6824 Colonial Road, #B3, Brooklyn, NY 11220. (*See* Notice of Change of Address, Dkt. 8.)

## BACKGROUND

It is evident from the submissions in this case and in Plaintiff's two prior actions in this Court, *see Barton v. Barton*, No. 03-CV-4715 (ERK) and *Barton v. State of New York*, No. 17-CV-5326 (PKC), that Plaintiff has long been dissatisfied with the New York State criminal justice system and its related mental health assessments and treatments. As relevant to this action, Plaintiff was arrested on or about February 24, 2018 for violating the terms of her probation by refusing to attend "a drug treatment relapse-prevention program." (Dkt. 4, at ECF[2] 1.) She was also charged with violating an order of protection issued to her estranged son, Patrick Barton. (*Id.*) Based on these violations, Plaintiff was sentenced to two years' imprisonment by the Honorable Deborah Dowling of the Kings County Supreme Court. (Compl., at ECF 4.)

In this action, Plaintiff seeks to challenge the use of a Victim Impact Statement ("the Markarian Statement") provided by Assistant District Attorney Arlene M. Markarian ("ADA Markarian") to Plaintiff's probation officer sometime in September 2017. (*Id.* at ECF 4, 6.) ADA Markarian had accused Plaintiff of making inappropriate contact with state court judges and prosecutors involved in Plaintiff's prior criminal cases, *inter alia*, by leaving threatening messages on their office voicemails and following and approaching them in public. (*Id.* at ECF 6.) Though Plaintiff's complaint in this matter is not entirely clear, the Markarian statement appears to have supported Plaintiff's most recent conviction for violating the terms of her probation. (*See id.* at ECF 4.) Plaintiff alleges that the Markarian Statement was "libel[ous] and slanderous," and she seeks an Order allowing her to meet with ADA Markarian "to find out where [Markarian] obtained this libel statement of misinformation." (*Id.* at ECF 4–5.) Plaintiff also seeks an Order permitting

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

her to meet with the Honorable Matthew D'Emic, a judge of the Brooklyn Mental Health Court. (*Id.* at ECF 5.)

## STANDARD OF REVIEW

Pursuant to the *in forma pauperis* statute, this Court must dismiss a case if the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). And an action will be considered frivolous when the claim is based on an "indisputably meritless legal theory, such as when a dispositive defense clearly exists on the face of the complaint." *Newton v. Handleman*, 53 F. App'x 151, 152 (2d Cir. 2002) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)) (internal quotation marks omitted).

At the same time, "document[s] filed *pro se* [are] to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a

valid claim might be stated," this Court must grant leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## DISCUSSION

The complaint must be dismissed for two reasons: (1) it seeks relief from a party that is immune from suit; and (2) it fails to state a claim on which relief may be granted.

Plaintiff names the State of New York as the only defendant in this action. (Compl., at ECF 1.) Claims against the State for damages under 42 U.S.C. § 1983 are barred by the Eleventh Amendment. *See Restivo v. Hessemann*, 846 F.3d 547, 583 (2d Cir. 2017) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Thus, to the extent that Plaintiff seeks damages from the State of New York, she has sued a defendant that is an improper party to this action. Furthermore, though the complaint might be read to state a claim against ADA Markarian, the individual who provided the Victim Impact Statement to Plaintiff's probation officer, ADA Markarian is also shielded from suit by Eleventh Amendment immunity. *Ogunkoya v. Monaghan*, 913 F.3d 64, 69 (2d Cir. 2019) (finding that a district attorney in New York is entitled to absolute immunity under § 1983 when the suit challenges the initiation of a prosecution and the presentation of the State's case (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). Thus, allowing Plaintiff to amend her complaint a second time to name ADA Markarian as a defendant would be futile.

Even if Plaintiff had named a proper defendant to this action, the complaint still would not satisfy Federal Rule of Civil Procedure 8. Rule 8 requires a plaintiff to provide a short, plain statement of her claim so that any defendant will have adequate notice of the claims against it and may evaluate whether there is a legal basis for recovery. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *Mendes Da Costa v. Marcucilli*, 675 F. App'x 15, 16 (2d Cir. 2017) (approving

dismissal for failure to comply with Rule 8 where it was not possible to link the named defendants to any alleged injury). Although Plaintiff has utilized the civil rights form complaint, she has not alleged a violation of her constitutional rights, nor has the Court identified a federal claim on which relief may be granted, even applying the most liberal possible construction to Plaintiff's complaint. The Court therefore denies Plaintiff the opportunity to amended the complaint a second time. *Cuoco*, 222 F.3d at 112 (leave to amend should be granted if a liberal reading of the complaint "gives any indication that a valid claim might be stated").

## CONCLUSION

For the reasons stated, the amended complaint is dismissed in its entirety for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915 (e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 16, 2019
      Brooklyn, New York